IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEMETRIUS SMITH,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 3:19-CV-0345** |
| v. | : | |
| | : | **(Judge Caputo)** |
| **SGT. BLOUGH**, *et al.,* | : | |
| | : | |
| **Defendants** | : | |

# M E M O R A N D U M

## I.  Introduction

Presently before the Court is Mr. Smith's "Objections and Requests to have his Appeal Rights Reinstated". (ECF No. 9.)  The Court will construe Mr. Smith's filing as a motion for reconsideration of the Court's April 22, 2019-Order dismissing his action without prejudice due to his failure to timely pay the filing fee or submit an application to proceed *in forma pauperis* and Authorization forms.  (ECF No. 6.)

For the following reasons, Mr. Smith's motion for reconsideration will be denied.

## II.  Background

On February 20, 2019, Mr. Smith filed the above captioned civil rights complaint pursuant to 42 U.S.C. § 1983 concerning events that transpired at the Dauphin County

Prison, in Harrisburg, Pennsylvania on December 17, 2018. (ECF No.1.) Mr. Smith was incarcerated at the Dauphin County Prison at the time he filed his Complaint. (*Id.*)

On March 1, 2019, the Clerk of Court forwarded Mr. Smith a copy of this Court's Standing Practice Order which, *inter* alia, requires *pro se* litigants to inform the Court of any change in their address. (ECF No. 4.)

By Administrative Order dated March 5, 2019, the Court directed Mr. Smith, within thirty days, to either pay the $350.00 filing fee and $50.00 administrative fee or complete the proper *in forma pauperis* and authorization form allowing prison officials to deduct the $350.00 filing fee in installments, when funds were available, from his prison account. (ECF No. 5.) On April 22, 2019, the Court dismissed Mr. Smith's action without prejudice due to his failure to submit the appropriate forms or pay the filing fee. (ECF No. 6.)

On May 31, 2019, the Court's Order dismissing Mr. Smith's case, mailed to him at his last known address, was returned as undeliverable with the notation "Addressee Released". (ECF No. 7.)

On July 22, 2019, Mr. Smith requested a copy of the docket sheet in his case.[1] (ECF No. 8.) The Clerk of Courts promptly forwarded Mr. Smith a copy of his docket sheet.

---

[1] Mr. Smith is presently a state inmate incarcerated at the Benner State Correctional Institution in Bellefonte, Pennsylvania. (*Id.*) At no time prior to July 22, 2019, did Mr. Smith notify the Court of his change of address.

### III. Standard of Review

A motion for reconsideration filed pursuant to Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 2645 - 46, 162 L.Ed.2d 480 (2005). In order to prevail on a Rule 60(b) motion, the moving party must establish mistake, inadvertence, surprise or excusable neglect; newly discovered evidence; fraud or other misconduct; that the judgment is void; that the judgment was satisfied; or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6).

### IV. Discussion

On August 8, 2018, Mr. Smith filed a motion for reconsideration requesting the reopening of his case based on his failure to receive the Court's April 22, 2019-Order dismissing his case. (ECF No. 9.) Mr. Smith claims "this one piece of mail never reached plaintiff's hands." (*Id.*) Important to the Court's ruling is Mr. Smith's complete lack of explanation as to why he failed to respond to the Court's March 5, 2019 Thirty Day Administrative order, the basis of the Court's dismissal of his action. Accordingly, Mr. Smith's motion for reconsideration will be denied.

Additionally, in reaching this decision, the Court is mindful that Plaintiff's action is based upon events that transpired at the Dauphin County Prison in December 2018, and that our dismissal was without prejudice to him refiling a new action. *See Lindsey v. Roman*, 408 F. App'x 530 (3d Cir. 2010) (it is within the discretion of district court to deny inmate's motion for reconsideration of dismissal for failure to timely pay filing fee or complete *in forma pauperis* application where inmate may refile complaint at any time

within the applicable limitations period). Should Mr. Smith wish to pursue his conditions of confinement claims against the previously named Dauphin County Prison employees, he must file a new complaint and the appropriate application to proceed *in forma pauperis* with the Authorization Form, or the filing fee, in a timely manner and within the applicable statute of limitations period.

An appropriate order follows.


Date:  August 15, 2019  /s/ A. Richard Caputo
    **A. RICHARD CAPUTO**
    **United States District Judge**